```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
PAUL BECATTINI                             :
                        Plaintiff,         :    COMPLAINT
                                           :
                                           :    INDEX NO.
             - against -                   :
                                           :
IPC SYSTEMS, INC.                          :
                                           :
                        Defendant.         :
------------------------------------------X
```

Plaintiff, by his attorney, Raymond Nardo, as and for his Complaint herein, respectfully alleges as follows:

### PARTIES

1. Plaintiff is an individual residing in New York and a citizen of New York.

2. Plaintiff was employed by Etrali Trading Solutions, N.A. from 2007 through March 2016 as a Sales Executive, North America Financial Enterprises Trading Solutions. In this capacity, plaintiff was paid on a commission basis.

3. Etrali Trading Solutions, N.A. was purchased by IPC Systems, Inc., a successor corporation and defendant herein.

4. Defendant is a corporation headquartered at Harborside Financial Center, 2 Second Street Plaza 10, 15th Floor, Jersey City, New Jersey.

5. Defendant is incorporated in the State of Delaware.

LAW OFFICE OF
RAYMOND NARDO

6. Defendant is a citizen of New Jersey and Delaware; plaintiff is a citizen of New York.

7. The amount in controversy exceeds $75,000, including interest, counsel fees, and liquidated damages.

### JURISDICTION and VENUE

8. This court has jurisdiction pursuant to 28 U.S.C § 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

9. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because defendant corporation conducts business there and the events underlying this action occurred there.

### PRELIMINARY STATEMENT

10. This is an action to recover unpaid wages under NY LABOR §§ 190, et. seq., and for breach of an employment agreement, breach of implied covenant of good faith and fair dealing, and unjust enrichment.

11. Defendant IPC SYSTEMS, Inc. (hereinafter "IPC") sells trading equipment, electronic trading infrastructure, and network services to financial markets.

### STATEMENT OF FACTS

12. Defendant hired plaintiff PAUL BECATTINI (hereinafter, "BECATTINI") as a salesperson and paid plaintiff on a

commission basis.

13. Pursuant to defendant's commission plan, plaintiff earned a 4% commission for sales of turret or voice recognition systems.

14. On June 30, 2015, plaintiff sold $1,466,500 of turret or voice recognition systems to Tradition North America ("TNA").

15. TNA paid in full for these items.

16. After the orders were paid in full, defendant owed plaintiff an earned commission of $58,660.

17. Defendant never paid plaintiff's earned commission.

### FIRST CAUSE OF ACTION
(New York Labor Law – Unpaid Wages)

18. Plaintiff repeats, re-alleges and reiterates all paragraphs as though fully set forth herein.

19. This dispute is covered by NY LABOR LAW §§ 190, et. seq.

20. Plaintiff brings this action and is entitled to recover his unpaid commissions under NY LABOR LAW § 198.

21. Plaintiff was an "employee" within the meaning of NY LABOR LAW § 190(2).

22. Defendant was an "employer" within the meaning of NY LABOR LAW § 190(3).

23. During the period that plaintiff was employed by defendant, plaintiff was a "commissioned salesperson" within the meaning of NY LABOR LAW § 190(6).

24. Plaintiff's commissions were earned and constitute "wages" within the meaning of NY LABOR LAW § 190(1).

25. As such, defendant is required to pay plaintiff his compensation pursuant to NY LABOR LAW § 191.

26. Defendant refused to pay plaintiff commissions no later than the last day of the month following the month in which plaintiff's commissions became due and payable in 2014 and after, in violation of NY LABOR § 191(c).

27. As a result of defendant's violations of NY LABOR LAW § 190, et. seq., plaintiff has been damaged and is entitled to recover any and all earned commissions, reasonable attorney's fees, costs, pre-judgment interest, an additional amount as liquidated damages equal to one hundred percent (100%) of the total amount of wages found to be due, as provided for by NY LABOR § 198, which exceeds $75,000.

## SECOND CAUSE OF ACTION
(Breach of implied in fact contract)

28. Plaintiff repeats, re-alleges and reiterates all paragraphs as though fully set forth herein.

29. The practice and writings between the parties establish a binding, implied-in-fact contract.

30. It is well-settled under New York law that although there is no written contract between two parties, "a contract may be implied in face where inferences may be drawn from the facts and circumstances of the case and

the intentions of the parties as indicated by their conduct." <u>Ellis v. Provident Life and Accident Ins. Co.</u>, 3 F.Supp. 2d 399, 409 (S.D.N.Y. 1998).

31. An implied in fact contract is "just as binding as an express contract arising from the declared intentions, since in the law, there is no distinction between agreements made by words and those made by conduct." <u>Id.</u>

32. Moreover, in the absence of a written agreement, a commission is deemed "earned" upon the sale. <u>Pachter v. Bernard Hodges Group, Inc.</u>, 505 F.3d 129, 134 (2d. Cir. 2007).

33. A contract was formed regarding plaintiff's compensation, and plaintiff was entitled to post-termination commissions pursuant thereto.

34. Defendant has wilfully breached the terms and conditions of the agreement.

35. As a result of defendant's wilful breach, plaintiff has been deprived of the benefits of his labor and is entitled to damages in the form of any and all earned, but unpaid, commissions, pre- and post-judgment interest, and other compensatory and equitable relief, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

(Breach of Implied Covenant
of Good Faith and Fair Dealing)

36. Plaintiff repeats, re-alleges and reiterates all paragraphs as though fully set forth herein.

37. Without conceding the truth thereof, if an enforceable contract did not exist between plaintiff and defendant, or if the contract governing plaintiff's employment did not require the payment of plaintiff's post-termination commissions, then, in the alternative, defendant breached the implied covenant of good faith and fair dealing.

38. Implicit in all contracts is an implied covenant of good faith and fair dealing in the course of contract performance. <u>Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc.</u>, 487 F.3d 89, 98 (2d. Cir. N.Y. 2007).

39. The covenant covers any benefits or promises that any reasonable person would be justified in understanding and expecting were included in the agreement between the parties. <u>Dalton v. Educational Testing Services, Inc.</u>, 87 N.Y.2d 384, 389, 639 N.Y.S.2d 977, 663 N.E.2d 289 (1985).

40. The commissions were earned when TNA paid the contract price to defendant.

41. It was reasonable for plaintiff to expect to be paid commissions on all his sales, as they were the fruits

of his labor, and the benefits accrued to defendant.

42. Defendant breached these reasonable expectations by not paying commissions to plaintiff for these sales.

43. As a result of defendant's breach, plaintiff is entitled to damages for earned, but unpaid, commissions plus costs, pre- and post-judgment interest and other compensatory and equitable relief, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
(Unjust enrichment)

44. Plaintiff repeats, re-alleges and reiterates all paragraphs as though fully set forth herein effect as if fully set forth at length herein.

45. If, or to the extent that, plaintiff's claims are found to not be governed by a contract, defendant has been unjustly enriched at plaintiff's expense, such that it would violate good conscience and equity to permit defendant to retain any and all benefits that have accrued at any point to defendant as a result of plaintiff's labors.

46. Defendant benefitted in the form of profits, satisfied customers, a transaction not going to the competition, and improved prospects for future business based on plaintiff's sales.

47. Plaintiff's compensation for bestowing these benefits upon defendant was by earning commissions.

LAW OFFICE OF
RAYMOND NARDO

48. Defendant willfully refused to pay plaintiff any commissions on the sales he completed, to the benefit of defendant.

49. It would be patently and grossly unfair and unjust to permit defendant to retain plaintiff's commissions, as well as any and all benefits that accrued to defendant, as a result of defendant's refusal to pay commissions.

50. Defendant should be disgorged of the commissions on plaintiff's sales.

51. As a result of defendant's unjust enrichment, plaintiff has been deprived of the benefits of his labor and is entitled to damages in the form of earned, but unpaid, commissions.

WHEREFORE, plaintiff demands judgment against the Defendants as follows:

(a) $58,660, plus liquidated damages (one hundred percent of the total amount of the wages found to be due), plus counsel fees (to be calculated), plus pre-judgment interest, as set forth in the first cause of action;

(b) $58,660 for defendant's breach of implied in fact contract as set forth in the second cause of action.

(c) $58,660 for defendant's breach of implied covenants of

LAW OFFICE OF
RAYMOND NARDO

good faith and fair dealing, as set forth in the third cause of action;

(d)  $58,660 for defendant's unjust enrichment, as set forth in the third cause of action;

(e) punitive damages for defendant's malice and reckless indifference to plaintiff's rights, in an amount to be determined at trial, prejudgment interest, costs, disbursements, and other compensatory and equitable relief as this honorable court would deem just, fair, and equitable.

Dated:   May 20, 2016
         Mineola, NY

                                    RAYMOND NARDO, P.C.

                                    /Raymond Nardo/, Esq.
                                    Counsel for plaintiff
                                    129 Third Street
                                    Mineola, NY 11501
                                    (516)248-2121